WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
EVANGELINA FIERRO HERNANDEZ -- #168879 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:   (415) 625-5622
Facsimile:    (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. 05-3979 HRL |
| Plaintiff, | CONSENT DECREE |
| v. | |
| **BORLAND SOFTWARE CORP.,** | |
| Defendant. | |

   Plaintiff U.S. Equal employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Section 102 of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex, national origin and race and to make whole Ms. Tuyen Tran who alleges that she is aggrieved by the unlawful practices. Plaintiff alleged that defendant Borland Software Corporation (hereinafter "Borland") unlawfully paid Ms. Tran less than its male employees were paid for performing substantially equal work and otherwise discriminated against Ms. Tran because of her sex, national origin and/or race.

CONSENT DECREE
Civil Action No. 05-03979-HRL                                    Page 1

1  Borland denies these allegations.  Borland believes that Ms. Tran, a current
2  Borland employee, is and was fairly and lawfully compensated in light of her
3  qualifications, experience, and Borland's compensation structure when she was
4  promoted by Borland in April 2002 and promoted again in August 2004.  Borland
5  specifically denies that any of its employment decisions regarding Ms. Tran were based
6  upon Ms. Tran's sex, race or national origin.
7  In the interest of resolving this matter, and continuing and strengthening
8  Borland's express commitment to equal employment opportunity, and as a result of
9  having engaged in settlement negotiations, the Commission and Borland  (hereinafter
10  referred to as "the Parties") have agreed that this action should be finally resolved by
11  entry of this Consent Decree.  This Consent Decree shall not constitute an adjudication
12  and/or finding on the merits of the case.
13  The parties agree that this Consent Decree resolves all claims arising out of
14  EEOC Charge No. 370-2003-09759 and the complaint filed in this action, and
15  constitutes a complete resolution of all claims of disparate pay and benefits under the
16  EPA, Title VII, and Section 102 of the Civil Rights Act of 1991 that were made or could
17  have been made by Ms. Tran or the Commission in this action.  This Consent Decree
18  does not, however, resolve any future charges or charges that may be pending with the
19  EEOC other than the charge specifically referenced in this paragraph.
20  This Consent Decree in no way affects EEOC's right to process, in accordance
21  with standard Commission procedures (including, without limitation, administrative
22  investigation, conciliation and commencement of civil actions on the basis of such
23  charges), charges filed by individuals other than Ms. Tran against Borland alleging
24  violations of Federal employment discrimination statutes and which are either pending
25  as of the effective date of this Consent Decree or filed in the future (hereinafter "Other
26  Administrative Charges").  Similarly, this Consent Decree does not affect Borland's
27

CONSENT DECREE
Civil Action No. 05-03979-HRL                                                  Page 2

rights to have Other Administrative Charges processed by the EEOC pursuant to the EEOC's standard procedures for new charges.  The EEOC agrees that Other Administrative Charges will be pursued through such standard procedures and will not be pursued through the mechanisms set forth in this Consent Decree.

This Consent Decree comprises the full and exclusive agreement of the parties with respect to the matters discussed herein.  No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, except that any substantive change, modification or amendment of any provision of this Consent Decree shall require approval by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter and the parties to this action.  This Court will retain jurisdiction over this Decree for all purposes until the expiration of Borland's obligations as set forth herein.

2. The entry of this Consent Decree will further the objectives of Title VII and the EPA and will be in the best interest of the Parties, those for whom EEOC seeks relief, and the public.

3. This Consent Decree is final and binding upon the Parties, their successors and assigns.

**Scope of the Consent Decree**

4. The duration of the Consent Decree shall be three (3) years from the date of entry of the Decree, provided that Borland has complied substantially with the terms of this Consent Decree.  Borland will be deemed to have complied substantially if the Court has not made any finding or orders

during the term of the Consent Decree that the Borland has failed to comply with any terms of this Consent Decree.  During the three-year term of this Consent Decree, this Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

**General Injunctive Provisions**

5. **Disparate Pay**: Pursuant to the requirements of Section 206(d)(1) of the EPA and Section 703 of Title VII, 42 U.S.C. §2000e-2, Borland and its agents, successors and assigns hereby agree not to: (a) discriminate against persons on the basis of sex, national origin and/or race in the terms and conditions of employment; or (b) engage in an employment practice that causes an unlawful disparate impact on the basis of race, color, religion, sex, or national origin.

6. **Retaliation**: Borland its agents, successors or assigns agree not to engage in, implement or permit any action, policy or practice to unlawfully retaliate against Ms. Tran because she has in the past, or during the term of this Consent Decree (a) opposed any discriminatory acts on the basis of sex, race or color made unlawful under the EPA or Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Borland), proceeding or hearing in connection with this case; (d) was identified as a possible witness in this action; (e) asserted any rights under this Consent Decree; or (f) sought and/or received any monetary or non-monetary relief in accordance with this Consent Decree. Borland represents that its current

1 | Board Chairman does not and will not have any role in determining the
2 | terms and conditions of Ms. Tran's future employment with Borland.
3 | 7. Within six (6) months of entry of this Consent Decree, Borland will ensure
4 | that Ms. Tran's current supervisors and managers, along with the Human
5 | Resources representatives directly responsible for Ms. Tran's current
6 | Borland organization, will receive training in EEO and diversity, including
7 | training in Borland's EEO policies. Such training will include a
8 | question-and-answer session covering these topics. Borland shall notify
9 | the EEOC in writing when it has completed this training.

**MONETARY RELIEF**

11 | 8. Borland agrees to pay Ms. Tran the total sum of $66,500.00, less required
12 | deductions and tax withholdings, in consideration of Ms. Tran's claim for
13 | backpay damages. Borland further agrees to pay Ms. Tran the amount of
14 | $13,500.00 as reimbursement for Ms. Tran's expenses that were not
15 | covered by Borland's policies.
16 | 9. Borland shall pay as follows:
17 | a. Within ten (10) days of the entry of this Consent Decree, Borland
18 | will issue checks for the amounts set forth in Section 8 to Ms. Tran.
19 | Borland shall make payment in the form of business checks,
20 | cashier's checks, or certified checks.
21 | b. Borland will mail a copy of the checks to Evangelina Fierro
22 | Hernandez, Senior Trial Attorney, EEOC, at 350 The Embarcadero,
23 | Suite 500, San Francisco, CA 94105 within five days of distribution
24 | to Ms. Tran.

10. Borland shall raise Ms. Tran's annual salary from $100,000.00 to $110,000.00 effective immediately. This increase in salary will not decrease or have any other negative impact on Ms. Tran's future bonuses or raises.

**EXPUNGEMENT OF RECORDS AND DISCLOSURE OF INFORMATION REGARDING MS. TRAN'S EMPLOYMENT**

11. Borland shall not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about Ms. Tran.

12. Borland shall expunge from Ms. Tran's personnel file any references to a charge of discrimination against Borland and this lawsuit. Borland will place a personnel action notice into Ms. Tran's personnel file that reflects a title change to Director effective April 2002.

**RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

13. This Consent Decree shall terminate three (3) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of noncompliance by Borland. If the Commission determines that Borland has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to Borland and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds Borland to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree

14. Except as provided in the preceding paragraph, three (3) years after the

1  entry of this Consent Decree, this lawsuit will be dismissed with prejudice,
2  provided that the Borland has complied substantially with the terms of this
3  Consent Decree.  Borland will be deemed to have complied substantially
4  if the Court has not made any findings or orders during the term of the
5  Decree that the defendant has failed to comply with any of the terms of
6  this Decree.
7
8  E-filing concurrence: I, Evangelina Hernandez, attorney for Plaintiff
9  Commission, attest that I have obtained the concurrence of Gregory C.
10  Tenhoff, attorney for Defendant Borland Software Corp., for the lodging of
11  this Consent Decree.

JAMES L. LEE
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

Dated: October 7, 2005                    _____/S/_____

WILLIAM R. TAMAYO
Regional Attorney

Dated: October 7, 2005                    _____/S/_____

JONATHAN T. PECK
Supervisory Trial Attorney

| | |
|---|---|
| 1  Dated: October 7, 2005 | _____/S/_____ |
| 2 | EVANGELINA FIERRO HERNANDEZ<br>Senior Trial Attorney |
| 3 | |
| 4 | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>San Francisco District Office |
| 5 | 350 The Embarcadero, Suite 500<br>San Francisco, CA  94105 |
| 6 | Telephone: (415) 625-5622 |
| 9  Dated: October 7, 2005 | _____/S/_____ |
| 10 | BORLAND SOFTWARE CORPORATION |
| 13  Dated:  October 7, 2005 | _____/S/_____ |
| 14 | COOLEY GODWARD LLP<br>Gregory C. Tenhoff |
| 15 | Attorneys for Borland Software Corporation |

**ORDER**

It is so ordered.

Dated: 10/19/05                                               /s/ Howard R. Lloyd

Howard R. Lloyd
UNITED STATES MAGISTRATE JUDGE

CONSENT DECREE
Civil Action No. 05-03979-HRL                                               Page 8